J. S22030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
    :
v.     :
    :
GERALD RAY GRAHAM, JR.     :
    :
Appellant     :     No. 909 MDA 2015

Appeal from the Judgment of Sentence February 4, 2015
In the Court of Common Pleas of York County
Criminal Division No(s): CP-67-CR-0000501-2014

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED APRIL 28, 2016**

Appellant, Gerald Graham, Jr., appeals from the February 4, 2015 Judgment of Sentence entered in the Court of Common Pleas of York County after his conviction by a jury of reckless endangerment and numerous assault offenses. After careful review, we conclude that Appellant waived his challenge to the sufficiency of the evidence, and that the trial court properly denied Appellant's weight of the evidence claim. Accordingly, we affirm.

The relevant facts and procedural history of this case are as follows. On November 16, 2013, Appellant, Jeffrey Bender ("Bender"), Gregory Potter ("Potter"), and Lee Naill ("Naill") spent an evening drinking at a bar together before all returning to Bender's Apartment. Once there, Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

and Potter got into a verbal dispute and Appellant attacked Potter. N.T., Jury Trial, at 69-70. Appellant wrestled Potter to the ground and drew his arm back as if to punch him, before Bender was able to pull Appellant off Potter. *Id.* at 80-81.

Potter left the scene and Bender left shortly thereafter to try to locate Potter. *Id.* at 72-73. When Bender returned home five minutes later, he found Naill laying on the front steps with "holes around his neck area, teeth missing, [and] blood coming out of his eyes, his nose, [and] his mouth." *Id.* at 73-74. Tara Murphy-Ortiz ("Ortiz") had been driving by when she spotted Appellant repeatedly "bashing [Naill's] head into the steps" to the point it appeared Naill's face was gone. *Id.* at 137-39. Ortiz slammed on her brakes, and Appellant looked up, stopped the beating, and fled the scene.[1] When Ortiz approached Naill to render aid, Naill was covered in blood, gasping for air, and unable to move. *Id.* at 139-40. Ortiz was rendering aid to Naill when Bender returned. Naill suffered severe injuries as a result of the beating, including permanent memory loss.

Appellant turned himself in to police the morning after the assault, and gave a recorded statement to Detective David Kahley ("Detective Kahley"). Despite telling the Detective that he had suffered injuries, Appellant did not

---

[1] After fleeing the scene, Appellant hid himself under a pile of leaves, then changed his clothes and buried his bags. N.T., Jury Trial, at 229, 250.

immediately seek medical attention.[2]  Detective Kahley took photographs of minor cuts and abrasions on Appellant's face.  *Id.* at 240-42, 253-54.

Appellant was arrested and charged with one count of Recklessly Endangering Another Person, one count of Simple Assault for the attack on Potter, one count of Simple Assault for the attack on Naill, one count of Aggravated Assault, one count of Criminal Attempt to Commit Criminal Homicide, and one count of Simple Assault by Mutual Affray.[3]

At Appellant's jury trial, the Commonwealth presented the testimony of seven witnesses, including Bender, Potter, Naill, Ortiz, and Detective Kahley.  Bender, Potter, and Naill testified to the events leading up to the attack on Naill.  Ortiz testified to the events that occurred during and after the attack.  Due to the extensive injuries caused by Appellant, Naill could not remember anything that occurred in the period between the fight over Appellant's bags involving Potter and his waking up in the hospital.  *Id.* at 118-19.  Naill could not remember anything about the fight between himself and Appellant.  *Id.* at 132.  The Commonwealth submitted photographs of

---

[2] At trial, the parties stipulated that four months after the accident Appellant began complaining of injuries and symptoms and was later diagnosed with post-concussion syndrome and Bell's Palsy.  Appellant self-reported that these injuries and symptoms began the date of the incident.  N.T., Jury Trial, at 264.

[3] 18 Pa.C.S. § 2705; 18 Pa.C.S. § 2701(a)(1); 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 901(a); and 18 Pa.C.S. § 2701(a)(2) respectively.

the victim taken immediately following the assault, as well as photographs showing scratches and abrasions on Appellant's neck and face.

Appellant testified that he had acted in self-defense. He testified that someone had struck his head from behind with a bat before Naill grabbed him and starting hitting him. *Id.* at 223-26. He stated that he had had to fight Naill off. *Id.* Appellant asserted that he suffered numerous injuries, including the loss of a "big chunk" of hair. *Id.* at 227. On cross examination, Appellant admitted that the pictures taken only hours after the incident do not show any missing chunks of hair. *Id.* at 253.

The jury convicted Appellant of Recklessly Endangering Another Person, two counts of Simple Assault for the attacks on Potter and Naill, and one count of Aggravated Assault. The jury acquitted Appellant on the charges of Criminal Attempt to Commit Criminal Homicide and Simple Assault by Mutual Affray. On February 4, 2015, the Honorable Thomas H. Kelley, VI imposed an aggregate sentence of six to twelve years of incarceration.

Appellant thereafter filed a timely appeal to this Court. In his Rule 1925(b) Statement, Appellant raised the following issues:

   a. There was insufficient evidence to support the verdict.

   b. The verdict was against the weight of the evidence.

1925(b) Statement at 1 (reordered).

The trial court filed a Rule 1925(a) Opinion, summarily finding that the verdict was not against the weight of the evidence and that there was sufficient evidence to convict Appellant. The Opinion's analysis does not discuss the elements of the offenses of which the jury convicted Appellant, and fails to mention or discuss Appellant's self-defense claim.

In his Brief, Appellant raises the following issues in the Statement of Questions Involved:

a. Whether the [t]rial [c]ourt improperly found there was sufficient evidence to support the conviction?

b. Whether the verdict was against the weight of the evidence?

Appellant's Brief at 5.

Appellant argues that the evidence was insufficient to support the verdict. We do not reach the merits of Appellant's claim because Appellant failed to comply with Pa.R.A.P. 1925(b) to preserve this issue for review.

Our Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). An appellant's Rule 1925(b) Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no

[Rule 1925(b)] Statement at all," and will result in waiver. *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

When an appellant challenges the sufficiency of the evidence, this Court has made clear our requirement that "an appellant's Rule 1925(b) [S]tatement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, [A]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Gibbs,* 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citation omitted).

Moreover, a self-defense claim magnifies the importance of providing a detailed 1925(b) statement. A claim of self-defense does not narrow the field of potential sufficiency challenges. Rather, it requires more evidence from the Commonwealth in order to rebut the claim, thus increasing the evidence from which Appellant might assert a sufficiency challenge. *See Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa. Super. 2014) (stating the Commonwealth may rebut a properly raised claim of self-defense by proving, beyond a reasonable doubt, that either "1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused

had a duty to retreat and the retreat was possible with complete safety" (citations omitted)).

By filing an overly broad Rule 1925(b) Statement, Appellant failed to alert the trial court to which elements of which offenses he intended to challenge, and whether he intended to challenge the Commonwealth's initial burden of proving the offenses charged or the evidence submitted to rebut Appellant's claim of self-defense. In doing so, Appellant deprived this Court of a substantive Rule 1925(a) Opinion that would facilitate meaningful appellate review of these issues. Because he failed to provide a proper Rule 1925(b) statement, Appellant waived his challenge to the sufficiency of the evidence. *See Garland, supra; Lineberger*, *supra*.

We next address Appellant's assertion that the jury's verdict was against the weight of the evidence. In support, Appellant avers that the Commonwealth failed to refute his claim of self-defense.[4] Appellant's Brief at 11-12.

To begin, we note that the weight of the evidence "is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and

---

[4] Appellant was charged with one count of Simple Assault each for the attacks on Naill and Potter. Although Appellant's overbroad Rule 1925(b) Statement and Statement of Questions Involved could be read to challenge the weight of the evidence for the assault against Potter, the argument section of Appellant's brief only addresses the attack on Naill. Therefore, we find the argument as it pertains to Potter is waived. *See, e.g., Harkins v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992) (finding arguments raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section are waived).

to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (quotation and citations omitted). A trial court reviewing a challenge to the weight given the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

This Court may not consider the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" *Id.* (citations omitted) (emphasis in original).

In this case, the jury was free to find the Commonwealth's witnesses credible, including Ortiz, who testified that she saw Appellant pummeling Naill's lifeless body. Similarly, the jury was free to discredit Appellant's claim of self-defense, particularly in light of the inconsistencies between his statement to Detective Kahley and his testimony at trial;[5] the fact that no bat was recovered at the scene; and the fact that the photographs taken of Appellant do not show the injuries he claims to have sustained. As an

---

[5] In his recorded statement, Appellant made no mention of being attacked with a baseball bat, and Appellant denied striking or kicking Naill. N.T., Jury Trial, at 240-42.

appellate court, we will not reweigh the evidence and substitute our judgment for that of the fact-finder.

Therefore, having carefully reviewed the record and the arguments presented by Appellant, we conclude the trial court did not palpably abuse its discretion in deciding that the jury's verdict was not against the weight of the evidence.

Having concluded that Appellant's claims on appeal are either waived or devoid of merit, we affirm the trial court's February 4, 2015 Judgment of Sentence.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2016